**Morris David WELCH, Plaintiff,**

v.

**NORTH SLOPE BOROUGH and Benjamin Nageak (in his personal and official capacities), Defendants.**

**No. A98–398 CV JWS.**

United States District Court,
D. Alaska.

April 5, 2005.

---

## ORDER FROM CHAMBERS

**[Re: Motions at Docket 92 and 97]**

SEDWICK, District Judge.

### I. MOTIONS PRESENTED

At docket 92, Benjamin Nageak moves for summary judgment on Morris David Welch's complaint. At docket 97, Welch ("Plaintiff") opposes Nageak's motion, and cross-moves for summary judgment on his complaint. Oral argument has not been requested on either motion, and it would not assist the court.

### II. BACKGROUND

Nageak is a former mayor of the North Slope Borough. Shortly after he became mayor, the Borough adopted a hiring ordinance that gave preference to Native Americans. This court struck down the ordinance as violating the Borough's charter and the Equal Protection Clause to the United States Constitution.[1]

When Nageak was mayor and the hiring ordinance was still in force, Plaintiff applied for employment with the Borough, but was not hired. Plaintiff claims that Nageak violated his rights under 42 U.S.C. § 1981 and 1983, Alaska Statutes 18.80.220, 29.20.410 and 29.20.630, and North Slope Borough Charter 16.020(a).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law. The moving party has the burden to show that material facts are not genuinely disputed.[2] To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence

1. *Malabed v. N. Slope Borough,* 42 F.Supp.2d 927, 931, 942 (D.Alaska 1999).

2. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

negating that claim.[3] Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[4] The court must not assess the credibility of this evidence, and must draw all justifiable inferences from it in favor of the nonmoving party.[5]

## IV. DISCUSSION

Plaintiff asserts that Nageak discriminated against him on the basis of his race or national origin by failing to veto the Borough's hiring ordinance and allegedly participating in the decision not to hire Plaintiff. Based on these assertions, Plaintiff claims that Nageak is liable in his personal and official capacities under state and federal anti-discrimination laws.

### A. Personal Capacity

#### 1. Veto

■ Government officials are absolutely immune from liability for "actions taken 'in the sphere of legitimate legislative activity.'"[6] Legislative immunity extends to "officials outside the legislative branch ... when they perform legislative functions ...."[7] Signing or vetoing an ordinance is a legislative function.[8] Therefore, Nageak is entitled to immunity from liability for his decision to sign, rather than veto, the Borough's hiring ordinance.

#### 2. Hiring Process

■ Plaintiff alleges that Nageak could have prevented illegal discrimination against him by 1) filing a declaratory judgment action against the Borough to enjoin enforcement of the ordinance; 2) not authorizing hiring under the ordinance; and 3) refusing to appoint employees hired under the ordinance.

Plaintiff is not entitled to summary judgment on his state or federal claims because he presents no evidence that Nageak participated in the decision to hire him, let alone illegally discriminated against him. Neither Nageak's failure to file a declaratory judgment action challenging the ordinance nor his authorization of hiring under the ordinance demonstrate that he participated in hiring Plaintiff or, if he did, that he considered Plaintiff's race or national origin. Furthermore, the fact that the ordinance was in force when Plaintiff applied for employment does not, by itself, indicate that Nageak considered Plaintiff's race or national origin. Lastly, although Plaintiff asserts that Nageak appointed employees hired under the ordinance, he offers no evidence that Nageak appointed anyone to the position for which Plaintiff applied.[9]

---

3. *Id.* at 325, 106 S.Ct. 2548.

4. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

5. *Id.* at 255, 106 S.Ct. 2505.

6. *Bogan v. Scott–Harris*, 523 U.S. 44, 54, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376, 71 S.Ct. 783, 95 L.Ed. 1019 (1951)) (mayor entitled to legislative immunity in action under 42 U.S.C. § 1983). *See also Breck v. Ulmer*, 745 P.2d 66, 71 n. 9 (Alaska 1987) (adopting legislative immunity standard applied in actions under 42 U.S.C. § 1983).

7. *Bogan*, 523 U.S. at 55, 118 S.Ct. 966 (citing *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719, 731–34, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980)).

8. *Id.* (citing *Edwards v. United States*, 286 U.S. 482, 490, 52 S.Ct. 627, 76 L.Ed. 1239 (1932); *Smiley v. Holm*, 285 U.S. 355, 372–73, 52 S.Ct. 397, 76 L.Ed. 795 (1932)).

9. Plaintiff also asserts that Nageak failed to properly train his subordinates and exhibited "reckless and callous indifference" toward job applicants. Plaintiff offers no evidence that supports these allegations.

## B. Official Capacity

Pleading claims against government employees in their official capacity is another way of stating claims against the government entities for whom they work.[10] Plaintiff already has sued the Borough, the government entity for whom Nageak worked. Therefore, the court will treat Plaintiff's claims against Nageak in his official capacity as redundant claims against the Borough.[11]

## V. CONCLUSION

For the reasons set out above, the motion at docket 92 is **GRANTED**, and the motion at docket 97 is **DENIED**.

---

**10.** *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Vest v. Schafer,* 757 P.2d 588, 598–99 (Alaska 1988) (citing *Graham,* 473 U.S. at 165–66, 105 S.Ct. 3099).

**11.** *Graham,* 473 U.S. at 166, 105 S.Ct. 3099.